Daniel M. Smith, Esq.  (SBN 149334)
Kerry Steigerwalt's Pacific Law Center
333 H Street, Suite 5040
Chula Vista, CA 91910
Phone: (619) 233-6900
Fax: (619) 422-0159
Email: lawyersmith@juno.com

Attorney for Defendant
Alonso Vasquez

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

(HON. JANIS L. SAMMARTINO)

| | |
|---|---|
| UNITED STATES OF AMERICA,           Plaintiff, vs. ALONSO VASQUEZ,           Defendant. | Case No. 08-CR-1762-JLS  NOTICE OF MOTIONS AND MOTIONS FOR:  1) PRODUCTION OF BRADY MATERIAL 2) DISCOVERY; AND 3) LEAVE TO FILE FURTHER MOTIONS  DATE: June 27, 2008 TIME: 1:30 p.m. |

TO: KAREN P. HEWITT, UNITED STATES ATTORNEY AND CARLOS ARGUELLO, THE ASSISTANT UNITED STATES ATTORNEY:

PLEASE TAKE NOTICE that on June 27, 2008 at 1:30 p.m., or as soon thereafter as counsel may be heard, the defendant Alonso Vasquez, by and through his counsel, Daniel M. Smith, will move this Court to issue an order granting the motions listed below.

<u>MOTIONS</u>

The defendant, Alonso Vasquez, by and through counsel, Daniel M. Smith, asks this Court pursuant to the United States Constitution and Fed. R. Crim. P. 12, 16 and 26, and all other applicable statutes and local rules for an order to:

1)   Produce all Brady Material;

2)   Compel Discovery; and for

3)   Leave to File Further Motions.

1  These motions are based upon the instant motions and notice of motions, the attached stte of facts
2  and memorandum of points and authorities, the files and records in the above-captioned matter , and
3  any and all other materials that may come to this Court's attention prior to or during the hearing of
4  these motions.

5                                              Respectfully submitted,

6

7  Dated: June 5, 2008                              /s/ DANIEL M. SMITH
                                                Daniel M. Smith
8                                               Attorney for Defendant

Case 3:08-cr-01762-JLS   Document 5   Filed 06/05/2008   Page 2 of 6

Notice of Motions and Motions For: 1) Production of Brady                    08CR1762
Material 2) Discovery; and 3) Leave to File Further Motions
U.S. v. Vasquez                                - 2 -

1  Daniel M. Smith, Esq.  (SBN 149334)
   Kerry Steigerwalt's Pacific Law Center
2  333 H Street, Suite 5040
   Chula Vista, CA 91910
3  Phone: (619) 233-6900
   Fax: (619) 422-0159
4  Email: lawyersmith@juno.com

5  Attorney for Defendant
   Alonso Vasquez
6

7                 UNITED STATES DISTRICT COURT

8                SOUTHERN DISTRICT OF CALIFORNIA

9                (HON. JANIS L. SAMMARTINO)

10 | UNITED STATES OF AMERICA,      ) Case No. 08-CR1762-JLS
   |                                )
11 |              Plaintiff,         ) STATEMENT OF FACTS AND
   |                                ) MEMORANDUM OF POINTS AND
12 | vs.                             ) AUTHORITIES IN SUPPORT OF MOTIONS
   |                                ) FOR:
13 | ALONSO VASQUEZ,                 ) 1) PRODUCTION OF BRADY MATERIAL
   |                                ) 2) DISCOVERY; AND
14 |              Defendant.         ) 3) LEAVE TO FILE FURTHER MOTIONS
   |                                )
15 |                                ) DATE: June 27, 2008
   |                                ) TIME: 1:30 p.m.
16 | _____ )

17

18                      STATEMENT OF FACTS

19     The following brief summary of the statement of facts is based on materials received from

20 the government. The facts alleged in these motions are subject to amplification and/or modification

21 at the time these motions are heard.

22     This case involves the alleged aiding and abetting of the entry of illegal aliens in violation of

23 Title 8, Section 1324(a)(1). As of the writing of this motion I believe we have most of the discovery.

24 However, I anticipate additional discovery will become available in the near future.

25                    MOTION TO COMPEL DISCOVERY

26     Defense counsel has received some discovery in this case. However, due to the fact that there still

27 remains investigation to be conducted and witnesses to be interviewed, Mr. Vasquez believes that there

28

1    may be other discovery outstanding.  He therefore moves for the production by the government of the

2    following items.  This request is not limited to those items that the prosecutor knows of, but rather

3    includes all discovery listed below that is in the custody, control, care, or knowledge of any "closely

4    related investigative [or other] agencies" under United States v. Bryan, 868 F.2d 1032 (9th Cir.), cert.

5    denied, 493 U.S. 858 (1989):

6        (1) The Defendant's Statements  Under Fed. R. Crim. P. 16 (a)(1)(A) the defendant is entitled

7    to disclosure all copies of any written or recorded statements made by the defendant; the substance of any

8    statements made by the defendant which the government intends to offer in evidence at trial; any response

9    by the defendant to interrogation; the substance of any oral statements which the government intends to

10   introduce at trial, and any written summaries of the defendant's oral statements contained in the

11   handwritten notes of the government agent; any response to any Miranda warnings which may have been

12   given to the defendant (see United States v. McElroy, 697 F.2d 459 (2d Cir. 1982)); and any other

13   statements by the defendant that are discoverable under Fed. R. Crim. P. 16(a)(1)(A).  The Advisory

14   Committee Notes as well as the 1991 amendments to Rule 16 make it clear that the Government must

15   reveal all the defendant's statements, whether oral or written regardless of whether the Government

16   intends to introduce those statements;

17       (2) Arrest Reports, Notes and Dispatch Tapes  The defendant also specifically requests that all

18   arrest reports, notes and dispatch or any other tapes that relate to the circumstances surrounding his arrest

19   or any questioning, if such reports have not already been produced in their entirety, be turned over to him.

20   This request includes, but is not limited to, any rough notes, records, reports, transcripts or other

21   documents in which statements of the defendant or any other discoverable material is contained.  This

22   is all discoverable under Fed. R. Crim. P. 16(a)(1)(A) and Brady v. Maryland, 373 U.S. 83 (1963).  See

23   also United States v. Johnson, 525 F.2d 999 (2d Cir. 1975), cert. denied, 424 U.S. 920 (1976); United

24   States v. Lewis, 511 F.2d 798 (D.C. Cir. 1975); United States v. Pilnick, 267 F. Supp. 791 (S.D.N.Y.

25   1967); Loux v. United States, 389 F.2d 911 (9th Cir.), cert. denied, 393 U.S. 867 (1968).  Arrest reports,

26   investigator's notes, memos from arresting officers, dispatch tapes, sworn statements, and prosecution

27   reports pertaining to the defendant are available under Fed. R. Crim. P. 16(a)(1)(B) and (C), Fed. R. Crim.

28

Notice of Motions and Motions For: 1) Production of Brady                                     08CR1762
Material 2) Discovery; and 3) Leave to File Further Motions
U.S. v. Vasquez                                                          - 4 -

1   P. 26.2 and 12(I);

2       (3) <u>Brady Material</u> The defendant requests all documents, statements, agents' reports, and tangible evidence favorable to the defendant on the issue of guilt and/or which affects the credibility of the government's case. Impeachment as well as exculpatory evidence falls within <u>Brady's</u> definition of evidence favorable to the accused. <u>United States v. Bagley</u>, 473 U.S. 667 (1985); <u>United States v. Agurs</u>, 427 U.S. 97 (1976);

7       (4) <u>Any Proposed 404(b) Evidence</u> Evidence of prior similar acts is discoverable under Fed. R. Crim. P. 16(a)(1)(C) and Fed. R. Evid. 404(b) and 609. In addition, under Fed. R. Evid. 404(b), "upon request of the accused, the prosecution . . . shall provide reasonable notice in advance of trial . . . of the general nature . . ." of any evidence the government proposes to introduce under Fed. R. Evid. 404(b) at trial. The defendant requests that such notice be given three weeks before trial in order to give the defense time to adequately investigate and prepare for trial;

13      (5) <u>Jencks Act Material</u> The defense requests all material to which defendant is entitled pursuant to the Jencks Act, 18 U.S.C. § 3500, reasonably in advance of trial, including dispatch tapes. A verbal acknowledgment that "rough" notes constitute an accurate account of the witness' interview is sufficient for the report or notes to qualify as a statement under §3500(e)(1). <u>Campbell v. United States</u>, 373 U.S. 487, 490-92 (1963). In <u>United States v. Boshell</u>, 952 F.2d 1101 (9th Cir. 1991), the Ninth Circuit held that when an agent goes over interview notes with the subject of the interview the notes are then subject to the Jencks Act. The defense requests pre-trial production of <u>Jencks</u> material to expedite cross-examination and to avoid lengthy recesses during trial;

21      (6) <u>Giglio Information</u> Pursuant to <u>Giglio v. United States</u>, 405 U.S. 150 (1972), the defendant requests all statements and/or promises, express or implied, made to any government witnesses, in exchange for their testimony in this case, and all other information which could arguably be used for the impeachment of any government witnesses.

25  / / /

26  / / /

27  / / /

Notice of Motions and Motions For: 1) Production of Brady
Material 2) Discovery; and 3) Leave to File Further Motions
U.S. v. Vasquez                                              - 5 -                                           08CR1762

LEAVE TO FILE FURTHER MOTIONS

Due to the fact that it is unknown to the defendant at this time what new evidence may arise as a result of investigating this case, the defendant requests that this Court allow him an opportunity to file any additional motions that may become necessary.

CONCLUSION

For the foregoing reasons, Alonso Vasquez respectfully requests that this Court grant these motions.

Dated: June 5, 2008                              /s/   DANIEL M. SMITH
                                                 Daniel M. Smith
                                                 Attorney for Defendant
                                                 Alonso Vasquez

CERTIFICATE OF SERVICE

I declare that I am over the age of eighteen years and not a party to the cause.  I have electronically served all parties the foregoing documents to the above-captioned case with the Clerk of the District Court using its ECF System, which electronically notifies them.

    Carlos Arguello, Assistant United States Attorney for Plaintiff, United States of America

    carlos.arguello2@usdoj.gov

Executed on June 5, 2008

  /s/   DANIEL M. SMITH
Daniel M. Smith
Attorney for Defendant
Alonso Vasquez